IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BR

2007 JUN 26  P 4: 23

TAMMY KERCE on behalf of herself and )
all those similarly situated who consent to )
representation, )

               Plaintiffs,

v.

WEST TELEMARKETING CORPORATION
and WEST TELEMARKETING, LP,

               Defendants.

CIVIL ACTION

FLSA COLLECTION ACTION

CASE NO. **CV207- 081**

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, TAMMY KERCE on behalf of herself and all those similarly situated who consent to representation (collectively referred to as "Plaintiffs"), and files this Complaint against Defendants West Telemarketing Corporation and West Telemarketing, LP, (collectively referred to as "West"), as follows:

### PARTIES, JURISDICTION, AND VENUE

(1)

Plaintiff Tammy Kerce is an individual who resides in Glynn County, Georgia in the Southern District of Georgia and is subject to the jurisdiction and venue of this Court.

(2)

Defendants West Telemarketing Corporation and West Telemarketing, LP are for-profit business entities organized and existing under the laws of Delaware, are headquartered in Nebraska, and are subject to the jurisdiction of this Court. Defendants West Telemarketing Corporation and

West Telemarketing, LP may be served by delivering a copy via certified mail of the Summons and the Complaint herein to CSC-Lawyers Incorporating Service Company, 1900 First Bank Building, 233 South 13th Street, Lincoln, NE 68508.

(3)

West conducts business in the Southern District of Georgia, Brunswick Division, and are subject to the venue of this Court. Venue is proper pursuant to 28 U.S.C. § 1391.

(4)

Jurisdiction is proper in this Court on the basis of federal question jurisdiction as Plaintiffs' claims arise under the Fair Labor Standards Act, 19 U.S.C. § 201 et seq. (hereinafter referred to as the "FLSA") which confers jurisdiction under 29 U.S.C. § 216(b). Jurisdiction over the federal claims is also proper pursuant to 28 U.S.C. § 1331 for this action arises under the laws of the United States.

**FACTS**

(5)

Plaintiff Tammy Kerce has consented to become a Party Plaintiff and Class Representative to this FLSA action.

(6)

At all times relevant to this action, Plaintiff was an "employee" of West and West was the Plaintiff's "employer" as those terms are used and defined in the FLSA.

(7)

West operates a telemarketing service headquartered in Omaha, Nebraska with branch locations located throughout the United States.

2

(8)

To avoid the minimum wage and overtime provisions of the FLSA, West had Plaintiff sign an employment agreement purporting to characterize Plaintiff as an independent contractor. However, Plaintiff is actually an employee of West subject to the minimum wage and overtime provisions of the FLSA.

(9)

Plaintiff serves West as a "home agent" primarily receiving calls from customers forwarded to her by West and processing customer requests for said calls.

(10)

Plaintiff's job duties require her to electronically report to West's business premises on the internet by logging on to West's website on days on which she works to have West's customer calls routed to her at her home.

(11)

West set the times from which Plaintiff chooses to work.

(12)

Plaintiff is required by West to remain at her computer for her entire shift regardless of whether anyone calls.

(13)

If no calls come in, Plaintiff receives no compensation.

(14)

Plaintiff has no ability to influence whether a call is forwarded to her or the number of calls received during a shift.

(15)

West gives Plaintiff strict instructions as to the content which is read to callers.  Failure to adhere strictly to the content provided by West is grounds for termination.

(16)

West requires Plaintiff to read countless training materials for which she receives no compensation.

(17)

West monitors calls forwarded to Plaintiff and critiques Plaintiff's performance.

(18)

Plaintiff is only paid for time when she is on the phone handling calls received.  Plaintiff receives a rate of $0.17 per minute for time spent on the phone for calls received.

(19)

The minimum wage required by the FLSA and the state of Georgia is $5.15, and Plaintiff receives well below this minimum wage for many of the hours that she works.

(20)

Many weeks Plaintiff worked more than 40 hours per week.  Plaintiff did not receive overtime pay for the hours worked in excess of 40 in any week.

(21)

All of the duties and activities described above were performed and are performed pursuant to West's instruction, for their benefit, and for their convenience.

(22)

West is aware of the fact that Plaintiff should be compensated according to the minimum wage scale and overtime for the work mentioned above, but West does not pay such compensation.

(23)

West's failure to pay Plaintiff adequately for the time she was permitted and suffered to work violates the FLSA.

(24)

Plaintiff shows that there are other similarly situated employees performing the same or similar tasks without adequate remuneration, all of whom are subjected to the same illegal payment practices mentioned herein.

## CAUSES OF ACTION

## FEDERAL LAW CLAIMS—FLSA

### MINIMUM WAGE/REGULAR WAGES/OVERTIME CLAIMS

(25)

Plaintiff re-alleges paragraphs 1-24.

(26)

All time Plaintiff is logged into West's host network during a shift and all time spent by Plaintiff reviewing training and other materials at the request of West is compensable time under the FLSA.

(27)

West's actions violate the FLSA by failing to pay Plaintiff and other similarly situated employees the minimum wages, regular wages, and overtime wages to which they are entitled.

5

(28)

West otherwise violates and has violated the FLSA based upon the conduct described herein.

<u>FLSA COLLECTIVE ACTION</u>
<u>OPT-IN PROVISIONS OF 29 U.S.C. § 216 (b)</u>

(29)

Plaintiff re-alleges paragraphs 1-28.

(30)

Pursuant to 29 U.S.C. § 216(b), Plaintiff hereby requests that all similarly situated employees be given an opportunity to opt-in to the present suit so that they may also seek remedies for the aforementioned FLSA violations committed by West.

(31)

Plaintiff requests that the Court certify this collective action under 29 U.S.C. § 216 (b).

(32)

Plaintiff requests that the Court permit notice of the action to be given to the potential class members.

DAMAGES

(33)

Plaintiff re-alleges paragraphs 1-32.

(34)

Plaintiff and other similarly situated employees have been damaged as a result of West's illegal conduct, and they seek all remedies and damages allowed under the FLSA.

6

(35)

Plaintiff and other similarly situated employees are not and were not paid minimum wages and overtime compensation to which they are entitled. Plaintiff individually and on behalf of other similarly situated employees seeks to recover said minimum wages and overtime compensation for the maximum period allowed by law.

(36)

Plaintiff and other similarly situated employees are not and were not paid for all the hours which they worked, and they accordingly lost wages as a result of West's conduct. Plaintiff individually and on behalf of others similarly situated seeks to recover said unpaid wages for the maximum period allowed by law.

(37)

Plaintiff and other similarly situated employees seek liquidated damages as permitted by the FLSA.

(38)

Plaintiff and other similarly situated employees seek interest on their damages as provided by law.

(39)

Plaintiff and other similarly situated employee seek recovery of their attorneys' fees, expert witnesses' fees, and costs associated with this action as provided by law.

(40)

West is jointly and severally liable for the damages described herein.

WHEREFORE, Plaintiff prays:

(a)     That process issue, directed to West Telemarketing Corporation and West Telemarketing, L.P., and requiring each of them to answer, as provided by law in such case;

(b)     That the Court certify this as an FLSA collective action under 29 U.S.C. § 216 for West Telemarketing Corporation and West Telemarketing, L.P., employees, past and present, who elect to participate in this action by filing proper written notice with the Court;

(c)     That Plaintiff has a trial by jury of all factual issues raised herein;

(d)     That Plaintiff has and recovers from West Telemarketing Corporation and West Telemarketing, L.P., damages, in an amount to be proven at trial, including but not limited to:

1.     payment at the minimum wage rate for all hours worked within the past three years for which a sufficient rate was not paid;

2.     payment for overtime hours worked for the past three years preceding the filing of this Complaint as provided by law;

3.     liquidated damages as provided by law;

(e)     That the Court award prejudgment interest on all amounts owed;

(f)     That Plaintiff has and recovers from West Telemarketing Corporation and West Telemarketing, L.P., attorneys' fees and its expenses of litigation;

(e)     That Plaintiff has such other legal or equitable relief as the Court may deem reasonable and proper.

8

RESPECTFULLY SUBMITTED this _____26th_____ day of June, 2007.

GILBERT, HARRELL, SUMERFORD & MARTIN, P.C.

By: _____
    Mark D. Johnson
    State Bar No. 395041
    James L. Roberts, IV
    State Bar No. 608580

    C. Lance Gould, Esq.
    Roman A. Shaul, Esq.
    Beasley, Allen, Crow,
    Methvin, Portis & Miles, P.C.
    P.O. Box 4160
    Montgomery, AL 36103-4160

Post Office Box 190
Brunswick, Georgia 31521-0190
(912) 265-6700

ATTORNEYS FOR PLAINTIFFS
Tammy Kerce and all others
similarly situated

9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| TAMMY KERCE on behalf of herself and all those similarly situated who consent to representation, | ) ) ) | |
| | ) | CIVIL ACTION |
| Plaintiffs, | ) ) | FLSA COLLECTION ACTION |
| v. | ) ) ) | |
| | ) | CASE NO. _____ |
| WEST TELEMARKETING CORPORATION and WEST TELEMARKETING, LP, THOMAS B. BARKER, STEVEN M. STANGL, PAUL M. MENDLIK, ROBERT HILL, MONTY HORINE, MARK PETTAY, JEFF SCHRAMM, and KELLY HALK, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **VERIFICATION**

Personally appeared before me, an officer duly authorized to administer oaths, TAMMY

KERCE, who states under oath that the foregoing Complaint is true and correct.

_Tammy Kerce_
Tammy Kerce

Sworn to and subscribed before me
This 20th day of ___June___, 2007.

_Kimberley M. Kroscavage_

Notary Public

10

## CONSENT TO JOIN

(Pursuant to 29 USCA § 216(b))

TO: THE CLERK OF THE COURT AND TO EACH PARTY AND COUNSEL OF RECORD:

STATE OF GEORGIA

COUNTY OF GLYNN

Tammy Kerce being duly sworn, deposes and says:

1. I reside at 15 Mary's Drive, Brunswick, Georgia 31525.

2. I was hired by West Telemarketing Corporation or West Telemarketing, LP as a "home agent" in 2003. I subsequently ended my employment with West during 2005. I rejoined West on May 10, 2007 as a "home agent" and remain employed by West as of today's date.

3. I was required by West Telemarketing Corporation or West Telemarketing, LP to spend hours performing training specific to my job as a "home agent" for West Telemarketing Corporation or West Telemarketing, LP, and I was not paid for this time spent training.

4. I was not paid the federally required minimum wage for hours spent working as a "home agent" for West Telemarketing Corporation or West Telemarketing, LP.

5. I have not been paid overtime wages while working as a "home agent" for West Telemarketing Corporation or West Telemarketing, LP.

6. I understand this suit is being brought under the federal Fair Labor Standards Act. I have read and I understand the notice accompanying this Consent. As a former "home agent" for West Telemarketing Corporation or the former West Telemarketing, LP, I hereby consent, agree and opt–in to become a party plaintiff herein and to be bound by any settlement of this action or adjudication of the United States District Court for the Southern District of Georgia.

7. I hereby authorize the named plaintiffs, or plaintiffs' counsel of record, to file this Consent with the Clerk of the Court.

8. I hereby further authorize the named plaintiffs herein to retain their counsel of record or select new counsel, as they shall determine in their discretion, and I hereby further authorize such counsel to make such further decisions with respect to the conduct and handling of this action, including the settlement thereof, as they deem appropriate or necessary.

SIGNATURE PAGE FOLLOWS

*Tammy Kerce*
(Full signature)

Tammy Kerce
(type or print full name)


Sworn to and subscribed before me
This 20th day of June , 2007.

*Kimberley M. Kroscavage*
Notary public of Glynn County, Georgia .
My commission expires 11/28/2009

**RETURN TO PLAINTIFFS' COUNSEL IN ENVELOPE PROVIDED FOR
FILING BEFORE _____, 2007.**