FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 APR 23 AM 9:31
CLERK
SO. DIST. OF GA.

# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

| | | |
|---|---|---|
| TAMMY KERCE, on behalf of herself and all those similarly situated who consent to representation, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| WEST TELEMARKETING CORPORATION and WEST TELEMARKETING, LP, | : | |
| Defendants. | : | NO. CV207-081 |

## ORDER

Plaintiff, Tammy Kerce, filed this action against Defendants, West Telemarketing Corporation and West Telemarketing, LP (collectively, "West"), alleging violations of the Fair Labor Standards Act, codified at 29 U.S.C. §§ 201 - 219. Presently before the Court is West's motion to transfer venue to the Northern District of Georgia. Because Defendants have not demonstrated that the Northern District is a venue where this action could have been filed originally, the motion will be **DENIED**.

## BACKGROUND

West operates a telemarketing service, with 30,000

AO 72A
(Rev. 8/82)

agents that work from their homes, which are located throughout the United States. Defendants are incorporated and organized under the laws of Delaware, and their business headquarters are in Nebraska.

Kerce, a resident of Brunswick, Georgia, worked for West as a "home agent" from December 2003 until July 2005. Kerce alleges that she again started working for West as a home agent in May 2007. Although Kerce lived in Jonesboro, Georgia, from August 2005 until August 2006, she moved back to Brunswick before she filed suit, and she maintains that none of her work for West took place while she lived in Jonesboro.

Kerce avers that she and thousands of other home agents were mischaracterized by West as independent contractors rather than employees. Plaintiff claims that West failed to pay minimum wage and overtime compensation to its home agents as required by law.

According to Plaintiff's complaint, on the days that Kerce worked, she was required to log onto West's website to have West's customer calls routed to her home. West provided set times from which Kerce could work, and West required Kerce to remain at her computer for her entire shift, even

2

if no one called. If Kerce received no calls, she was not compensated by West at all. Kerce alleged that she had no control of the number of calls routed to her by West. According to Plaintiff, West controlled the scripted answers that she had to read to the customers who called.

Kerce alleges that she completed required training for West from her home in Brunswick, and that she received no compensation for this training. Kerce also avers that she received less than the minimum wage for work she did when she was paid by West, in part because West paid her by the minute instead of by the hour.

Kerce is a named plaintiff in a lawsuit that made similar allegations against another telemarketing firm, LiveOps, Inc. On March 6, 2008, Kerce's suit against LiveOps was transferred to the Northern District of Georgia. Notably, Kerce performed telemarketing services for LiveOps while she lived in Jonesboro, not Brunswick. CV207-148, Dkt. No. 24 at 2, 7.

## DISCUSSION

Federal law provides that "for the convenience of the parties and witnesses, in the interest of justice, a district

court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The moving party bears the burden of establishing that the transfer of venue is appropriate. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). In considering a motion to transfer, the Court must engage in an individualized, case-by-case consideration of convenience and fairness. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).

As Kerce notes, her case against West is materially different than her suit against LiveOps. Here, contrary to West's representations, a majority of the operative facts did take place in the Southern District of Georgia. As a result, Kerce's choice of venue is entitled to considerable deference. Id. West has not shown that a substantial part of the events giving rise to Kerce's cause of action occurred in the Northern District of Georgia, in order to make venue proper in the Northern District of Georgia. Moreover, it is

4

not apparent that transfer to the Northern District of Georgia would be more convenient for the parties or witnesses.

**CONCLUSION**

For the reasons described above, West's motion to transfer venue is **DENIED**. Dkt. No. 51.

**SO ORDERED**, this __23__ day of April, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)